IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHERRY SHAW, personally and as Administrator of the ESTATE OF WINSTON STROUD, DECEASED, | ) ) ) |
| | ) (WO - Recommended for Publication) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:03-cv-1034-F |
| | ) |
| COOSA COUNTY COMMISSION, *et al.*, | ) |
| | ) |
| DEFENDANTS. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Defendant William Evans' Motion to Strike Affidavit of Faye Reynolds (Doc. # 69). Evans contends that the Reynolds affidavit is a sham affidavit and that large parts of it are not based on personal knowledge. Evans also faults the Reynolds affidavit as containing unfounded legal conclusions and opinions which are improper because Reynolds was not proffered as an expert witness in this case. Evans argues that the affidavit is not proper under the law of this circuit and Federal Rule of Civil Procedure 56(e).

Plaintiff filed a lengthy opposition to the motion to strike (Doc. # 80). Plaintiff dedicates a full fifteen pages of her brief in opposition to the motion to strike by arguing the relevance of the Reynolds affidavit. This argument is of little utility to the Court as it is wholly irrelevant to the motion to strike. Plaintiff also spends an inordinate amount of time summarizing the testimony of other witnesses in this case in an attempt to establish that

Reynolds' statements in her affidavit is consistent with the testimony of other witnesses. Whether or not Reynolds' statements is consistent with the testimony of other witnesses is in no way relevant to the issues raised by the motion to strike.

This Court has carefully reviewed the Reynolds affidavit, the submitted excerpts from Reynolds' deposition, the arguments of counsel and the authorities cited. In the circumstances of this case, the Court is persuaded that the Motion to Strike is due to be GRANTED.

## BACKGROUND

On October 17, 2001, Winston Stroud ("Stroud") was sentenced to serve one hundred and eighty days in the Coosa County Jail on domestic violence charges. On the evening of October 18, 2001, Stroud died in his cell at the Coosa County Jail. According to an autopsy, the cause of death was arteriosclerotic cardiovascular disease and that the manner of death was natural. Sherry Shaw ("Shaw"), Stroud's daughter and the Administrator of his estate, filed suit against the Coosa County Commission and against William A. Evans ("Evans"), individually and in his capacity as Sheriff for Coosa County, Alabama.[1] Shaw seeks more than $2,000,000 in damages for various alleged violations of state and federal law. Shaw contends that Evans acted with deliberate indifference towards Stroud's medical needs by enacting policies which were inadequate to properly screen Stroud for the medical care he

---

[1] Although Evans had retired by the time the lawsuit was filed, he was the Sheriff for Coosa County, Alabama at the time of Stroud's death.

2

needed or ascertain the nature of and provide medical care Stroud needed.

Evans filed a motion for summary judgment supported by documentary evidence and legal argument. Shaw opposed this motion. As part of the materials submitted in opposition to Evans' motion for summary judgment, Shaw filed an affidavit from Faye Reynolds ("Reynolds"). According to Reynolds she worked as a Corrections Officer at the Coosa County Jail for over three years. In fact, Reynolds was working in that capacity in October of 2001, when Stroud died at the Coosa County Jail. At the beginning of Reynolds' affidavit,[2] Reynolds indicates that she was so employed and generally states that she is "over the age of 19 years and fully capable, with knowledge, of providing the information herein stated." (Doc. # 65 at p. 14). Reynolds' affidavit is replete with conclusions about Evans' responsibilities, Evans' knowledge, Evans' policies, the adequacy or inadequacy of those policies, and a variety of other matters.

## DISCUSSION

Given that the Reynolds' affidavit was submitted in opposition to a motion for summary judgment, it must comply with the requirements of Rule 56(e) of the Federal Rules of Civil Procedure. Rule 56(e) makes it plain that affidavits submitted in support of or opposition to a motion for summary judgment, such as the affidavit at issue here,

> shall be made *on personal knowledge*, shall set forth such facts as would be *admissible in evidence*, and shall *affirmatively show that the affiant is competent to testify to the matters stated*

---

[2] Reynolds' Affidavit can be found at pages 14 through 20 of Doc. # 65.

*therein*.

Fed. R. Civ. P. 56(e) (emphasis added). The requirements of Rule 56 make it plain that affidavits which set forth conclusory arguments, rather than statements of fact based on personal knowledge, are improper. *See, e.g., Thomas v. Ala. Council on Human Relations, Inc.,* 248 F. Supp. 2d 1105, 1112 (M.D. Ala. 2003); *Story v. Sunshine Foliage World, Inc.,* 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000). *Accord, Leigh v. Warner Bros., Inc.,* 212 F.3d 1210, 1217 (11th Cir. 2000).

Some courts have held that affidavits which fail to meet the standards set forth in Rule 56(e) may be subject to a motion to strike in certain circumstances. *See, e.g., Thomas*, 248 F. Supp. 2d at 1112; *Givhan v. Electronic Eng'rs, Inc.,* 4 F. Supp. 2d 1331, 1334 (M.D. Ala. 1998). However, if an affidavit contains some improper material, the court need not strike the entire affidavit, rather it may *strike or disregard* the improper portions and consider the remainder of the affidavit. *Id.* at p. 1334 n.2.

It is important to note that Reynolds has not been identified or qualified as an expert witness in this case; rather she is merely a fact witness. As such her *personal knowledge* should have been limited to information she obtained through the exercise of her own senses. Moreover, her affidavit should be clearly worded to indicate the specific circumstances in which she obtained the personal knowledge about certain facts. Simply generally stating at the beginning of her affidavit that she worked at the Coosa County Jail is not alone sufficient to apprise the Court as to whether she actually has any personal knowledge regarding the

matters contained in her affidavit.

Most of the content of Reynolds' affidavit is obviously not made on personal knowledge. The Reynolds affidavit does not set forth such facts as would be admissible in evidence, nor does it affirmatively show that Reynolds is competent to testify to the matters stated in the affidavit. In this Court's opinion, the Reynolds' affidavit fails to conform to the requirements of Federal Rule of Civil Procedure 56(e). Consequently, Defendant William Evans' Motion to Strike Affidavit of Faye Reynolds (Doc. # 69) is GRANTED and the Affidavit of Faye Reynolds is STRICKEN.

DONE this the 26th day of October, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE