IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHERRY SHAW, personally and as ) <br> Administrator of the ESTATE OF ) <br> WINSTON STROUD, DECEASED, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> COOSA COUNTY COMMISSION, *et al.,* ) <br> ) <br> DEFENDANTS. ) | (WO - Recommended for Publication) <br><br> CIVIL ACTION NO. 2:03-cv-1034-F |

## MEMORANDUM OPINION AND ORDER

On October 16, 2003, Sherry Shaw (hereinafter "Shaw") filed suit against the Coosa County Commission (hereinafter "the County Commission"), William A. Evans individually and as Sheriff of Coosa County (hereinafter "Evans"), and fictitious parties.[1] Shaw brings suit individually and as Administrator of the estate of her deceased father Winston Stroud (hereinafter "Stroud"). Stroud died on October 19, 2001, while he was an inmate in the Coosa County Jail. In this action, Shaw asserts state and federal law claims against both Evans and the County Commission arising from the death of Stroud.

This cause is presently before the Court on Defendant Coosa County's Motion for Summary Judgment (Doc. # 60). Although directed to submit argument and evidence in opposition to this motion, Shaw failed to do so. Despite Shaw's failure to oppose this

---

[1] This Court struck all claims against the fictitious parties in an Order dated March 1, 2004 (Doc. # 21).

motion, the Court has an independent obligation to ascertain whether the movant is entitled to judgment as a matter of law on the undisputed facts. For the reasons set forth in this Memorandum Opinion and Order, Defendant Coosa County's Motion for Summary Judgment is due to be GRANTED.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1367. Additionally, defendants have not argued that the Court does not have personal jurisdiction over each of them. There is no dispute over whether venue is appropriate.

## PROCEDURAL BACKGROUND

Shaw's Complaint contains six counts. Count One alleges that Evans and the County Commission are responsible for the wrongful death of Stroud. Count Two alleges that as a result of the conduct of Evans and the County Commission Stroud was caused grievous pain and suffering. Count Three alleges that "Defendant" negligently trained, hired, counseled, and supervised "the Defendants" and as a result Stroud suffered pain and suffering and died. Count Four alleges that pursuant to Sections 14-6-20 and 14-6-19 of the Code of Alabama, the County Commission has a duty to provide adequate medical care in the county jail and adequate funding for necessary medicines and medical attention to inmates in the county jail. Count Four further alleges that the County Commission breached that duty with respect to maintaining the Coosa County jail and failed to provide necessary medical treatment to Stroud while he was incarcerated in the Coosa County jail. Count Five alleges that Evans

2

violated Stroud's Fourteenth Amendment right as an inmate to receive reasonable medical treatment and seeks a remedy pursuant to 42 U.S.C. §§ 1983 and 1988. Finally, Count Six alleges that the County Commission acted with deliberate indifference to the medical needs of inmates in the county jail by failing to provide adequate funding to meet such needs and by failing to provide adequate funding to staff the jail so that personnel is able to perform their duties in such a way as to prevent deprivations of the inmates' rights to medical attention. In Count Six, Shaw asserts a claim against the County Commission pursuant to 42 U.S.C. §§ 1983 and 1988. Shaw demands $2,000,00.00 damages on each count and reasonable attorneys fees.

The County Commission filed a motion to dismiss the Complaint (Doc. # 5). This Court granted that motion in part and denied it in part. (Doc. # 43). All claims against the County Commission for punitive damages were stricken. This Court granted the motion to dismiss all claims which sought to impose vicarious liability on the County Commission for the actions of Evans. This Court expressly rejected any claims based on the argument that the County Commission was responsible for the day to day operation of the jail or the conduct of the sheriff and his staff. This Court denied the County Commission's motion to dismiss on the remaining claim because the Complaint alleged a breach of the county's duty to provide adequate funding for medical treatment of and medicines for inmates of the county jail caused Stroud's death. In addition to the motion for summary judgment, Evans has also filed a motion by which he asks this Court to strike the affidavit of Faye Reynolds which

3

Shaw submitted as part of her opposition to the motion for summary judgment. That motion to strike has been addressed by a separate memorandum opinion and order.

## NARRATIVE STATEMENT OF UNDISPUTED FACTS[2]

The Court has carefully considered all deposition excerpts and documents submitted in support of and in opposition to the motion. The submissions of the parties, viewed in the light most favorable to the non-moving party, establish the following relevant facts:

On October 17, 2001, Stroud became an inmate in the Coosa County Jail. According to the Coroner, Stroud died on the evening of October 18, 2001. The Coroner recorded the cause of death as atherosclerotic cardiovascular disease.

The Coosa County Jail was less than one year old when Stroud died. The County budgeted over one-half million dollars to the jail for the October 2001 to September 2002 Budget. Of that total budget, $25,000 was allocated to medical and dental services and $4,000 was allocated to drugs and medical supplies. These sums represented a ten thousand dollar increase from the allotment for medical and dental services in the 1999-2000 budget.[3] It is undisputed that when the jail's medical expenses exceeded the budgeted amount, the

---

[2] Shaw's failure to respond to the County Commission's motion for summary judgment or to place any evidence before this Court has created a situation in which all of the County Commission's evidence is undisputed. While the Court must view the facts in the light most favorable to Shaw for purposes of this motion, it can be said that there are no genuine issues as to any fact material to the County Commission's motion for summary judgment.

[3] The amount budgeted for drugs and medical supplies in the 2001-2002 budget reflected a decrease of one thousand dollars from the amount budgeted for these items in the 1999-2000 budget.

County Commission paid the overage anyway. It is also undisputed that the County Commission had never discouraged the payment of medical expenses just because they exceeded the amount budgeted. With respect to staffing at the Coosa County Jail, it is undisputed that the County Commission approved ten jailers for the new jail facility based on the recommendation of the jail architect.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, *or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Id.* at 322-23 (emphasis added).

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to

5

interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

## DISCUSSION

The Court begins its analysis by examining the relationship between Alabama counties and their sheriffs and the delineation of duties between the two. Under Alabama law, counties have only the powers delegated to them by the legislature. *See, e.g., Turquitt v. Jefferson County, Ala.,* 137 F.3d 1285, 1289 (11th Cir.), *cert. denied,* 525 U.S. 874 (1998). Alabama counties possess no authority over the daily operation of jails or supervision of inmates. *Id*. The sheriff, rather than the county, "has legal custody and charge of the jail in his county and all prisoners committed thereto...." Ala. Code § 14-6-1 (1975). Moreover, in matters related to the supervision of inmates and otherwise operating the county jails, Alabama's sheriffs are state, not county, officers, and a sheriff's authority is totally

independent of the county commission. *Turquitt*, 137 F.3d at 1289-90. Sheriffs have full responsibility for daily management of the jails, including inmate supervision, and they are not subject to county oversight in their performance of this responsibility. *Turquitt,* 137 F.3d at 1289. The Alabama Department of Corrections, a state agency, oversees the county jails and has the authority to regulate and inspect them to aid in securing just, humane, and economic management. *Id.*

Alabama counties do possess some duties with respect to county jails. None of these duties "relates to the daily operation of the jails or to the supervision of inmates." *Turquitt,* 137 F.3d at 1289. "The duties of the counties with respect to the jails 'are limited to funding the operation of the jail and providing facilities to house the jail.'" *Id.* (citing *Stark v. Madison County,* 678 So. 2d 787, 787 (Ala. Civ. App. 1996). Moreover, Section 14-6-19 of the Alabama Code provides that

> [n]ecessary clothing and bedding must be furnished by the sheriff or jailer, *at the expense of the county*, to those prisoners who are unable to provide for themselves, *and also necessary medicines and medical attention to those who are sick or injured*, when they are unable to provide for themselves.

Ala. Code § 14-6-19 (1975) (emphasis added). This statutory section "places a duty on the county to fund [the medical care described in the statute]." *Gaines v. Choctaw County Comm'n,* 242 F. Supp. 2d 1153, 1161 (S.D. Ala. 2003). While it is true that the Eleventh Circuit Court of Appeals has recognized that under Alabama law a county is not responsible for assuring procedures are in place for inmates to get medical care, it is also true that the

Eleventh Circuit Court of Appeals has acknowledged the role, albeit a limited one, assigned to counties under Alabama law to fund jails.

When the undisputed evidence in this case is viewed the in the light most favorable to Shaw, the Court finds that no reasonable jury could find that a policy of the County Commission with respect to funding jails or, more specifically, with respect to medical treatment for persons held in jails was the moving force behind the injury alleged in this action, Stroud's death. Moreover, the Court finds that no reasonable jury could find that the County Commissions breached any of its duties pursuant to Alabama Code § 14-6-20 (1975) or caused harm to Stroud by conduct pursuant to its obligations under Alabama Code § 14-6-20. Accordingly, as a matter of law, the County Commission is entitled to judgment as a matter of law on all of Shaw's remaining claims against it.

## CONCLUSION

For the foregoing reasons, Defendant Coosa County's Motion for Summary Judgment (Doc. # 60) is GRANTED. A separate judgment will be entered consistent with this Memorandum Opinion and Order.

DONE this 26th day of October, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE